IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**LIZETTE VAZQUEZ,**

    **Plaintiff,**

**v.**                                                          Case No.: 2:10cv638

**PRECON MARINE, INC.**

    **Defendant.**

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION FOR PARTIAL DISMISSAL

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Civil Rule 7 (F), defendant Precon Marine, Inc. ("Defendant"), by counsel, submits this Memorandum of Law in Support of its Motion for Partial Dismissal of Plaintiff Lizette Vazquez's ("Plaintiff's") complaint (the "Complaint"). It requests dismissal of Plaintiff's hostile environment and discriminatory discharge and/or constructive discharge claims on the ground that she has failed to state claims upon which relief can be granted.

**I.  INTRODUCTION**

Plaintiff brings this action alleging that Defendant discriminated against her on the basis of her sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Equal Pay Act of 1963, as amended, and the Virginia Human Rights Act, VA Code 2.1-3900, *et seq*. (Compl. at 2).[1] Although Plaintiff does not allege that her employment was terminated by Defendant or that she was constructively discharged, she alleges the existence of a

---

[1] Plaintiff does not state her claims in numbered paragraphs. Citations to her Complaint are accordingly made to the applicable page numbers.

"hostile work environment," instances of unequal pay or assignments, and "discrimination." (Id.). Plaintiff asserts that, in addition to seeking "justice" and the right of other female drivers that come after her to be able to perform their jobs without harassment and discrimination; she is seeking "back pay and any monies the court feels I should receive." (Compl. at 2).

Because she is seeking back pay but has not alleged that her employment terminated, it is unclear whether she is attempting to seek redress for the fact that she is no longer employed by Defendant. To the extent that she is attempting to do so, however, her claim should be dismissed because it is outside the scope of her EEOC charge and because she has failed to allege facts to support a plausible claim for relief. Similarly her hostile work environment claim must fail as Plaintiff has failed to plead factual allegations that would support a plausible claim for relief.

## II. STATEMENT OF RELEVANT FACTS AND ALLEGATIONS[2]

1. Plaintiff is the only female Commercial Diver in Virginia and she was hired in this capacity by Defendant on or about June 20, 2007. (Compl. at 1).

2. While working for Defendant, Plaintiff was subjected to ongoing gender harassment from her supervisor and coworkers, which created a hostile work environment. (Compl. at 1).

3. Plaintiff's supervisor, Rick Reynolds ("Reynolds"), did not treat Plaintiff the same as the male drivers. When she complained that he was not letting her dive regularly, he told her that the job was too hard and that she would not be able to handle it because she was a woman. (Compl. at 1).

---

[2] Plaintiff's allegations are drawn from the Complaint and are presumed to be true for purposes of this motion only.

4. Plaintiff was assigned support tasks while her male co-workers were normally assigned primary tasks. (Compl. at 1).

5. When Reynolds gave her an assignment, he would threaten her to do the job correctly or in the allotted amount of time . (Compl. at 1-2)

6. Plaintiff's coworkers communicated amongst themselves regarding the best way to complete a task and what tools to use. She was simply told to perform the task. (Compl. at 2).

7. Plaintiff's co-workers engaged in conduct intended to make her look incompetent, such as dropping tools that they were handing to her. This caused her to have to search for the tools in water that had no visibility and that was dark and very cold, at times putting her life in dangerous conditions. (Compl. at 2).

8. When her co-workers discovered her wage rate, they complained that she was being overpaid and accused her of being a poor diver. In response, Defendant reduced Plaintiff's pay to a rate that was lower than similarly situated male divers. (Compl. at 2).

9. In the winter when it was cold and the male divers did not want to get in the water, Defendant used the Plaintiff. (Compl. at 2).

10. One of Plaintiff's co-workers engaged in sexually explicit dialogue that was intended to embarrass and harass her. Plaintiff complained to several supervisors about "the discriminatory and verbal abuse environment and conduct" but they failed to take remedial action. (Compl. at 2).

11. The job with Reynolds was put on hold and Plaintiff was sent to another job site where she had no further problems. (Compl. at 2).

12. Plaintiff loves her job. (Compl. at 3).

### III. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("the Rules"), a plaintiff is obligated to "provide grounds for [her] entitlement to relief," including "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007); *Giarratano v. Johnson*, 521 F. 3d 298, 302 (4th Cir 2008); *Quest Communications Corp. v. Maryland-National Capital Park & Planning Comm'n*, 553 F. Supp. 2d 572, 574 (D. Md. 2008).

To pass muster under Rule 12(b)(6), a plaintiff must, at minimum, "allege facts sufficient to state all the elements of her claim." *Bass v. E. I. DuPont de Nemours & Co.*, 324 F.3d 761, 765-766 (4th Cir. Va. 2003). Further, however, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S. Ct. at 1965 ("[T]he pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."). A complaint may withstand a motion to dismiss only if it contains plausible factual allegations that demonstrate something more than the "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

Although a court evaluating a defendant's motion to dismiss must assume that all *facts* in the complaint are true, the court need not accept unsupported legal allegations. *Revene v. Charles County Comm'rs*, 882 F. 2d 870, 873 (4th Cir. 1989). Nor must it accept legal

conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Conclusory assertions are insufficient to surpass the requirements of Rule 12(b)(6). *See Giarratano*, 521 F. 3d at 304.

### IV. ANALYSIS AND DISCUSSION

#### A. Plaintiff Does Not Allege a Viable Hostile Work Environment Claim.

In *Twombly*, the Supreme Court made it clear that in order to survive a Rule 12(b)(6) motion to dismiss, allegations of misconduct must "possess enough heft" to propel the plaintiff's claims across a threshold of "plausibility". *Twombly*, 550 U.S. at 557. In *Iqbal*, the Supreme Court further refined *Twombly* by requiring plaintiffs to establish that their claims are facially plausible by providing more than "threadbare recitals of the elements of a cause of action" or a "framework" of legal conclusions unsupported by specific factual allegations. *Iqbal*, 129 S. Ct. at 1949–50. In both opinions, the Supreme Court began its analysis by taking note of the claim elements that the plaintiff was required to aver in pleading a proper cause of action. *See id.* at 1947-49; *Twombly,* 550 U.S. at 553-54.

Although Plaintiff's Complaint avers in conclusory terms that she was subjected to a "hostile work environment," she fails to include factual allegations sufficient to state such a claim as a matter of law. (Compl. at 2). In order to adequately plead a hostile work environment claim, Plaintiff "must allege that: (1) she experienced unwelcome harassment; (2) the harassment was based on her gender, race, or age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." *Bass v. E. I. DuPont de Nemours & Co*., 324 F.3d 761, 765-766 (4th Cir. Va. 2003). "The words 'hostile work environment' are not talismanic," and in

order to survive a motion to dismiss under Rule 12(b)(6), "a plaintiff is required to allege facts that support a claim for relief." *Id*.

In *Bass*, the Fourth Circuit upheld the Rule 12(b)(6) dismissal of the plaintiff's hostile work environment claim. *Id*. The plaintiff, an African American female, alleged that she was "consistently" paid and promoted less than similarly situated white males. Id at 765. Her complaint was "full of problems she experienced with her coworkers and supervisors," most of which allegedly began after a reassignment (and replacement by a younger white employee) that she disagreed with. *Id*. at 763-64. She further alleged that she had complained about a hostile work environment. *Id*. The complaint in *Bass* also alleged, in a conclusory fashion, that "the various acts of which she complain[ed were] because of her race and sex" and age. *Id*. at 765 (internal quotation omitted). The Fourth Circuit Court of Appeals held that the plaintiff had failed to sufficiently allege that her alleged harassment was based on her gender, race or age, and had also failed to allege the existence of harassment so "severe or pervasive [as] to alter the conditions of employment." *Id.*

Plaintiff's Complaint fails to state a cognizable claim for hostile work environment for the same reasons.  As in *Bass*, Plaintiff alleges discriminatory pay and assignments, and her Complaint is "full of problems she experienced with her coworkers and supervisors." *Id.* Also as in *Bass*, however, the majority of these "problems" are not adequately pled as arising because of her gender. *Id*. In fact, with the exception of her pay and assignment allegations (which are properly considered as Title VII discrimination claims, not elements of a "hostile work environment" claim),[3] the only alleged harassment that appears to be gender-based is a single allegation of a coworker's isolated and vaguely described "sexually explicit dialogue." (Compl.

6

at 2). This allegation is so devoid of specifics that it constitutes a mere conclusion, not a fact allegation that can sustain her claim against a 12(b)(6) motion. *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (the court need not accept legal conclusions couched as factual allegations); *Giarratano*, 521 F. 3d at 304.) (Conclusory assertions are insufficient to surpass the requirements of Rule 12(b)(6)).

Regardless, even if this allegation of an isolated incident of "sexually explicit dialogue" were generously read as a substantive factual allegation, the alleged harassment it describes is not so "severe and pervasive" that it could form the basis of a hostile work environment claim. *See, e.g., Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 340 (4th Cir. 2006) ("singular and isolated exclamation," although "unacceptably crude and racist," was not sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere). Therefore, because the Complaint fails to include factual allegations to adequately support such a claim, Plaintiff's hostile work environment claim is properly subject to dismissal.

**B.     Any Putative Claim for Discriminatory Discharge Should Be Dismissed**

To the extend Plaintiff is attempting to allege that her employment was actually or constructively terminated in violation Title VII, such claim must be dismissed.

> *1.     This Court Lacks Subject Matter Jurisdiction Over a Claim that Plaintiff's Employment was Actually or Constructively Terminated in Violation of Title VII*

The Court lacks subject matter jurisdiction over a claim that Plaintiff's employment was actually or constructively terminated by Defendant in violation of Title VII. In Title VII actions, "[t]he EEOC charge defines the scope of the plaintiff's right to institute a civil suit." *Bryant v.*

---

[3] In *Bass*, the plaintiff's harassment claim was dismissed pursuant to Rule 12(b)(6), her equal

7

*Bell Atl. Md., Inc*., 288 F.3d 124, 132 (4th Cir. 2002) (*quoting Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000)). Before pursuing a federal lawsuit under Title VII, a plaintiff must exhaust her administrative remedies by filing a charge that reasonably reflects the allegations in the lawsuit. *Id.* This requirement is jurisdictional; under Title VII, a federal court may not exercise subject matter jurisdiction over claims that could not "reasonably be expected to follow the charge." *Id*. (*quoting Chisholm v. United States Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981)).[4]

The Plaintiff's Charge in this case, which is attached to her Complaint,[5] contains no allegation that she was discharged. (Compl. Ex 1). Indeed, as in the Complaint, there is no indication whatsoever in the Charge that Plaintiff's employment with Defendant terminated. Accordingly, the Plaintiff's Charge does not provide a basis for federal jurisdiction, under Title VII, for any claim of discriminatory discharge.

> 2. *The Plaintiff Has Failed To Plead Any Factual Basis For a Claim that Her Employment was Terminated Because of Her Sex.*

Furthermore, any claim of wrongful discriminatory discharge must be dismissed because, amongst other critical fact allegations that are absent, the Complaint contains *no allegation that she was discharged*. In order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must, at minimum, "allege facts sufficient to state all the elements of her claim." *Bass v. E. I. DuPont*

---

pay and other Title VII discrimination claims were dismissed on summary judgment. *Id*. at 766.
[4] The burden of establishing subject matter jurisdiction is on the party asserting its existence (here, the Plaintiff). *Mylan Labs., Inc. v. Akzo, N.V*., 2 F.3d 56, 59-60 (4th Cir. 1993). It is well-settled that where documents are attached to plaintiff's complaint, the court may consider those documents on a defendant's motion to dismiss without converting that motion into one for summary judgment. *See Sec'y of State For Defence v. Trimble Navigation Ltd*., 484 F.3d 700, 705 (4th Cir. 2007).

*de Nemours & Co.*, 324 F.3d 761, 765-766 (4th Cir. Va. 2003). The elements of a claim of Title VII discriminatory discharge are that: "(1) [plaintiff] is a member of a protected class; (2) she was qualified for her job and performing at a satisfactory level; (3) she was terminated; and (4) she was replaced by a similarly situated applicant outside her protected class." *See, e.g., Holiday v. New Hanover County Registrar of Deeds*, 317 Fed. Appx. 344, 345 (4th Cir. N.C. 2009). Assuming, *arguendo*, that she has adequately pled the first two elements, Plaintiff's Complaint clearly fails to adequately plead facts in support of the third or fourth elements. *See, generally* (Compl.). Nowhere in the Complaint does Plaintiff allege "that she was terminated." (Id.) She thus, of course, also fails to anywhere allege that "she was replaced by a similarly situated applicant outside her protected class." (Id.) For these reasons alone, any claim for discriminatory discharge (insofar as Plaintiff intends to raise such a claim), is properly subject to dismissal.

      3.    *The Plaintiff Has Failed To Plead Any Factual Basis For a Claim that Her Employment was Constructively Terminated*

The plaintiff has failed to allege facts to establish that her employment was constructively terminated for the same reasons that she has failed to allege facts to establish that she was subjected to a hostile work environment or that her employment was terminated because of her sex. In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff attempting to assert that she was constructively discharged must, in addition to the applicable elements of a discriminatory discharge claim, plead facts demonstrating: "(1) the deliberateness of [Defendant's] actions, motivated by [gender] bias, and (2) the objective intolerability of the working conditions." *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 186-187 (4th Cir. Va. 2004) (discussing factors in racial-bias constructive discharge claim). "Because the claim of

---

[5] The Charge alleges discrimination based on sex and "other" [Equal Pay] and materially mirrors the allegations in the lawsuit, absent the prayer for relief set forward in the last paragraph of the

9

constructive discharge is so open to abuse by those who leave employment of their own accord, [the Fourth] Circuit has insisted that it be carefully cabined." *Id. (quoting Paroline v. Unisys Corp.*, 879 F.2d 100, 114 (4th Cir. 1989)). Thus, in order to state a claim of constructive discharge, courts in the Fourth Circuit require the Plaintiff satisfy a high bar, showing conduct or conditions so intolerable that it would force a reasonable person to resign. *Id.*

Plaintiff's allegations regarding her work environment, even accepted as true, do not establish the "objective intolerability of [her] working conditions" as a matter of law. *Id.* Plaintiff's allegations fall into four categories: (1) that she was given unsatisfactory work assignments (specifically, at various points in her Complaint, either too many or too few diving assignments), (2) that she was unfairly criticized by a supervisor, (3) that her working conditions were difficult or unpleasant (i.e., it was "cold" or "dark") and (4) that certain coworkers mistreated her (i.e., by dropping tools, and in the case of one unnamed coworker, engaging in unspecified "sexually explicit dialogue"). *See generally*, (Compl.). The first three categories are exactly the types of allegations that the Fourth Circuit has repeatedly held *do not* constitute a basis of a constructive discharge claim: "dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign." *Williams v. Giant Food, Inc.*, 370 F.3d 423, 434 (4th Cir. 2004) (*quoting Carter v. Ball*, 33 F.3d 450, 459 (4th Cir. 1994)). With respect to the final category of allegations, the claims that unspecified coworkers dropped tools and that one coworker, at one point, engaged in "sexually explicit dialogue," are simply not allegations that rise to the level of "intolerability" required to state a claim of constructive discharge in this circuit. These isolated alleged incidents "might have made the workplace less enjoyable for a

---

Complaint.

reasonable person, but not intolerable." *Matvia v. Bald Head Island Mgmt.,* 259 F.3d 261, 273 (4th Cir. N.C. 2001).[6] Accordingly, insofar as Plaintiff intends to state such a claim, the factual allegations in the Complaint are inadequate to support any cause of action based on a theory of constructive discharge.

## IV.     CONCLUSION

For the reasons set forth above, Defendant Precon Marine, Inc. respectfully requests this Court grant its Motion for Partial Dismissal, dismissing Plaintiff's discriminatory discharge and constructive discharge claims, if any, and her claim for hostile work environment.

Respectfully submitted,

PRECON MARINE, INC.

By: ___/ s /_____
    Lynn F. Jacob
    Virginia State Bar No. 21749
    Counsel for Defendant
    WILLIAMS MULLEN, P.C.
    P.O. Box 1320
    Richmond, Virginia 23218-1320
    Telephone: (804) 420-6000
    Facsimile: (804) 420-6507
    ljacob@williamsmullen.com

---

[6] Still further, none of these actions were alleged to have been undertaken with the requisite intent, i.e., for the purpose of causing her to resign. *Honor.*, 383 F.3d at 186-187. Indeed, again, the Complaint does not allege or even allude to any resignation.

<u>ROSEBORO WARNING</u>

<u>TO PLAINTIFF LIZETTE VAZQUEZ</u>

1) You are entitled to file a response opposing Defendant's Motion for Partial Dismissal. Any such response must be filed within twenty (20) days of the date on which the Motion is filed; and

2) The Court could dismiss your case on the basis of the papers filed by the Defendant if you do not file a response; and

3) You must identify all facts stated by Defendant with which you disagree and you must set forth your version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury); and

4) You are also entitled to file a legal brief in opposition to the one filed by the Defendant.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of March, 2011, I electronically filed the foregoing Memorandum of Law in Support of its Motion for Partial Dismissal with the Clerk of the Court using the CM/ECF system and then will mail the pleading, along with a copy of the notification of such filing (NEF), via U.S. Mail, to the following non-filing user:

> Lizette Vazquez
> 2200 Old York-Hampton Highway
> Yorktown, VA 23692
> *Pro Se Plaintiff*

> By:_____/s/_____
> Lynn F. Jacob
> Virginia State Bar No. 21749
> Counsel for Defendant
> WILLIAMS MULLEN, P.C.
> P.O. Box 1320
> Richmond, Virginia 23218-1320
> Telephone: (804) 420-6000
> Facsimile: (804) 420-6507
> ljacob@williamsmullen.com

13968422_2.DOC